**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

FILED
DEC 18 2 17 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN

| | | |
|---|---|---|
| PATRICIA CLARKE, | : | |
| Plaintiff, | : | |
| | : | Civil No. 3:00CV1622 (PCD) |
| V. | : | |
| | : | |
| WILLIAM J. HENDERSON, POSTMASTER GENERAL | : | |
| Defendant. | : | December 11, 2003 |

JOINT STATUS REPORT AND REQUEST FOR STAY

On September 2, 2003, a status conference was held in this matter pursuant to the parties' joint request. During the conference, the Court directed the parties to explore whether a global resolution might be reached as to this pending civil matter as well as the forthcoming criminal charges against the plaintiff. The criminal charges will relate to plaintiff's efforts to obtain federal benefits based upon her alleged disability, as well as representations plaintiff made in seeking these benefits. The civil case also involves the issue of whether plaintiff is an individual with a disability and, if so, whether she was discriminated against due to her alleged disability. The Court directed the parties' to report back to the Court within 60 days.

To that end, during late October 2003, the parties agreed that Ms. Clarke would undergo an Independent Medical Examination (IME) during November that would be conducted by a forensic psychiatrist and an orthopedic surgeon at government expense. The doctors agreed upon were contacted and they agreed to conduct the examinations in an expeditious manner. On October 31, 2003, the undersigned delivered a joint status report and motion for stay to counsel for plaintiff for his signature and filing with the Court based upon this agreement.

However, during November, counsel for plaintiff subsequently reconsidered his decision to consent to an IME of his client given the pending criminal charges and recently contacted the undersigned to indicate that plaintiff would no longer consent to an IME as discussed. As a result, and after further negotiations between counsel, the parties have now agreed that plaintiff's primary doctors will be deposed to determine their opinions regarding plaintiff's present physical and psychological condition, and to assess whether any previous opinions need to be modified based upon new or additional information. This will assist the parties' in their effort to explore a global resolution.

Accordingly, the parties jointly request a 60-day stay of jury selection and the requirements of the pretrial preparation order in order to allow for sufficient time to arrange for depositions of plaintiff's doctors and to report back to the Court regarding the status of the parties' efforts to mutually resolve these matters.

Respectfully submitted,

WILLIAM M. BROWN, JR.
ASSISTANT U.S. ATTORNEY
P.O. BOX 1824
NEW HAVEN, CT 06508
FEDERAL BAR NO. ct20813

JOHN WILLIAMS, ESQ.
WILLIAMS & PATTIS
51 ELM STREET
NEW HAVEN, CT 06510
COUNSEL FOR PLAINTIFF

**CERTIFICATION OF SERVICE**

I represent the plaintiff is this action. I acknowledge that on December 11, 2003, the within and foregoing document was served upon me by the Office of the United States Attorney. I do not agree with the contents of this report, but I have no objection to the requested sixty-day stay of jury selection and of the requirements for pretrial preparation.

JOHN R. WILLIAMS