UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICIA CLARKE, Plaintiff, | : |
| v. | : Civ. No. 3:00cv1622 (PCD) |
| WILLIAM J. HENDERSON Postmaster General, Defendant. | : |

**RULING ON JOINT MOTION TO STAY AND ORDER**

The parties' joint status report and request for stay is construed as a motion for stay. For the reasons stated herein, the motion is **granted** in part. Deadlines for the Trial Preparation Order are set forth below.

**I. Discussion**

This case was filed in August, 2000 and is almost three and one-half years old. The docket reflects that numerous motions for extensions of time and stays have been granted. Once again, the parties move for a stay of sixty days.

On September 2, 2003, a status conference was held, and the parties were instructed to explore whether a global resolution might be reached as to this civil matter as well as the alleged forthcoming criminal charges against Plaintiff. The parties were given sixty days to report back to the Court. The parties now submit their status report.[1]

The parties' motion for stay [Doc. No. 34] is **granted** in part. This case is over three years old and has been subject to numerous delays. Almost four months have

---

1 Although the submission is entitled "Joint Status Report," Plaintiff's counsel did not sign the report, instead signing an attached Certificate of Service stating that "I do not agree with the contents of this report, but I have no objection to the requested sixty-day stay of jury selection and of the requirements for pretrial preparation." [Doc. No. 34].

passed since the September status conference after which the parties were to explore a global resolution. The parties provide no explanation why the deposition of the Plaintiff's doctors has not occurred. There is no reason why such deposition cannot occur prior to the February, 2004 jury selection. Accordingly, this case will be scheduled for the February, 2004 jury selection calendar.

## II. Order–Trial Preparation Order ("TPO")

The docket indicates that Plaintiff has complied with Part A of the TPO. The following deadlines are set for compliance with the TPO:

Section B: January 9, 2004

Section C: January 23, 2004, at which time this case shall be deemed ready for trial.

Non-compliance with these dates can result in an automatic dismissal or default.

## III. Conclusion

For the reasons stated herein, the parties' joint motion for stay is **granted** in part. The parties shall comply with the TPO deadlines as set forth above, and the case will be scheduled for the February, 2003 jury selection calendar.

SO ORDERED.

Dated at New Haven, Connecticut, December 22, 2003.

/s/

Peter C. Dorsey
Senior United States District Judge