UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JAN 23 P 5:06
U.S. DISTRICT COURT
NEW HAVEN, CONN.

PATRICIA CLARKE, :
:
Plaintiff, :
: Civil No. 3: 00CV1622 (PCD)
V. :
:
WILLIAM J. HENDERSON, :
POSTMASTER GENERAL :
:
Defendant. : January 23, 2004

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

1. General Introduction

Members of the Jury, now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather it is your function to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is given to you, and reach a just verdict, regardless of the consequences. You will recall that you

took an oath promising to do that at the beginning of the trial.

Adapted from Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § 71.01 (4th ed. 1987).

2. All Persons Equal Before The Law

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A government agency or government corporation is entitled to the same fair trial at your hands as is a private individual. All persons, including government agencies or government corporations, stand equal before the law, and are to be dealt with as equals in a court of justice.

Adapted from Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § 71.04 (4th ed. 1987).

3. Evidence In The Case

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

The Court may take judicial notice of certain facts or events. When the Court declares that it will take judicial notice of some fact or event, the jury must, unless otherwise instructed, accept the Court's declaration as evidence, and regard as proved the fact or event that has been judicially noticed.

Unless you are otherwise instructed, the evidence in the case consists of the following: the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; all facts and events that have been admitted or stipulated; and all facts and events that have been judicially noticed.

Arguments and statements by lawyers are not evidence. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not itself evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

Questions and objections by lawyers also are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules. You must entirely disregard any evidence as to which an objection was sustained by the Court or that was ordered stricken by the Court. If testimony was received only for a limited purpose, you must follow the

limiting instructions that I have given. Anything you may have seen or heard when the court was not in session is not evidence.

Adapted from Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § CITE (4th ed. 1987).

4. Preponderance Of The Evidence

In a civil action, such as this case, the burden is on the plaintiff to prove every essential element of his claim by a preponderance of the evidence. If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence in the case, the jury should find for the defendant as to that claim.

To establish by a "preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means evidence that, when considered and compared with the evidence opposed to it, has more convincing force. It should produce in your minds the belief that what is sought to be proven is more likely true than not true. This rule does not, of course require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them.

Adapted from Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § 72.01 (4th ed. 1987).

5. Number of Witnesses

You are not bound to decide any issue of fact if the testimony does not produce in your minds the belief in the likelihood of truth. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence. The test is which witness or witnesses, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

The testimony of a single witness which produces in your minds the belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony. This is so even though a number of witnesses may have testified to the contrary.

Adapted from Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, §§ 72.13 and 72.14 (4th ed. 1987).

6. Evidence--Direct, Indirect or Circumstantial

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence--such as the testimony of an eyewitness. The other is indirect or circumstantial evidence--the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Adapted from Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § 72.13 (4th ed. 1987).

7. Credibility Of Witnesses--Discrepancies In Testimony

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given by the witness, or by evidence that contradicts the testimony given by the witness.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, state of mind, and demeanor or manner while on the stand. Consider each witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you, the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such

weight, if any, as you may think it deserves. You may, in short, accept or reject the testimony of any witness in whole or in part.

Adapted from Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § 73.01 (4th ed. 1987).

8. The Nature Of The Claim

This case involves a claim by plaintiff Postal Service discriminated against her based upon her disability and age. The Postal Service is headed by the Postmaster General, whose name is John Potter. By statute he is required to be named as the Defendant in this case on behalf of the Postal Service, although he is not involved in the facts of the case. Plaintiff makes two claims of discrimination. In her first claim, Plaintiff alleges that she is disabled and that she was not offered a position by the Postal Service which would accommodate this disability. In her second claim, plaintiff alleges that defendant failed to offer her a secretarial position because of her age. The Postal Service and its employees deny these charges.

With respect to the first issue, you will have to decide whether the plaintiff had a disability, and whether she required an accommodation to enable her to perform her job. If so, then did the United States Postal Service deny her an accommodation? Did the Postal Service make good faith efforts to reasonably accommodate her disability? With respect to her claims of age discrimination, you will have to first find whether the plaintiff was denied any position for which she applied. If you find that this occurred, then you will have to decide whether the United States Postal Service gave legitimate, non-discriminatory reasons for its actions. Thereafter, Plaintiff is required to demonstrate that these reasons were not the true reasons, but rather a mask or pretext for intentional age discrimination.

Adapted from Devitt, Blackmar, Wolff, & O'Malley, Federal Jury Practice and Instructions, § 104.01 (4th ed. Supp. 1995); and St. Mary Honor Center v. Hicks, 509 U.S. 502, 507-508 (1993).

9. Essential Elements Of The Claim

In this case the Plaintiff claims that she was discriminated against because of his disability. As a threshold matter, plaintiff must prove she was disabled within the meaning of the Rehabilitation Act at all relevant times commencing with the alleged discrimination in February 1996.

In order to demonstrate that she is covered by the Act, plaintiff must prove two elements: 1) an impairment; and that 2) the impairment substantially limits the major life activity of walking.

The law provides several factors to consider in your determination whether plaintiff's impairment substantially limited a major life activity. These factors include:

1. The nature and severity of the impairment;

2. The duration or expected duration of the impairment; and

3. The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment.

These factors focus on the duration of the impairment and the duration of its impact and residual effects on the plaintiff's life. Accordingly, a temporary condition with minimal residual effects lacks the duration to be a substantially limiting impairment under the Rehabilitation Act, regardless of how painful that temporary condition might have been.

29 C.F.R. § 1614.203(a); 29 C.F.R. § 1630.2(j)(2)

10. "Major Life Activity"-Defined

"Major Life Activity" means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.

29 C.F.R. § 1630.2(j)(i)

11. "Substantially Limited"- Defined

"Substantially limited" means to be unable to perform a major life activity or to be significantly restricted as to the manner or duration under which plaintiff can perform a major life activity.

Here plaintiff has alleged she has an impairment which substantially limits her major life activities. Whether an impairment substantially limits an individual's major life activity is a question that depends on the individual, and is fact-specific to that individual. You may consider to what degree the plaintiff is unable to perform a major life activity or to what extent plaintiff is restricted. If you find that the plaintiff is able to with moderate restrictions, you must find that she is not disabled within the meaning of the Act.

29 C.F.R. § 1630.2 (j)(1); Adapted from Piascyk v. City of New Haven, 64 F. Supp.2d @ 19 (D. Conn. 1999), *affirmed* 216. F. 3d 1072 (2d Cir. 2000).

12. The Essential Elements of the Reasonable Accommodation Claim

Plaintiff claims that the Postal Service did not accommodate her when it offered her a position which she alleges she could not perform. In order for the plaintiff to establish her claim that the Postal Service failed to provide her with reasonable accommodation, she has the burden of proving the following essential elements by a preponderance of the evidence:

One, as I told you in a prior instruction, that she is an individual with a disability within the meaning of the law;

Two, that she is a "qualified individual;" and

Three, that the Postal Service failed to provide her with reasonable accommodation.

If Mrs. Clarke fails by a preponderance of the evidence to prove any of these elements, you must find in favor of the Postal Service on her "reasonable accommodation" claim.

Adapted from Stone v. City of Mount Vernon, 118 F.3d 92, 96 (2d Cir. 1997); Borkowski v. Valley Central School District, 63 F.3d 131, 135 (2d Cir. 1995); Bultemeyer v. Fort Wayne Community Schools, 100 F.3d 1281, 1283 (7th Cir. 1996).