– Disabled within the Meaning of the Rehabilitation Statute

As I told you before in an instruction above, to prove that she is disabled within the meaning of the law, plaintiff must establish that she has 1) an impairment; and that 2) the impairment substantially limits the major life activity of Plaintiff. As you know, we have discussed in instructions what plaintiff must show to meet these elements.

Instructions 9-11, above

14. "Qualified Individual" - Burden of Proof

The Plaintiff bears the burden of proving to you, by a preponderance of the evidence, that she is "a qualified individual" -- in other words, that she is able, with or without accommodation, to perform the essential functions of the job in question. If she needs an accommodation, she must also persuade you that an effective accommodation exists.

Adapted from Borkowski, 63 F.3d at 137-139.

15. "Required Accommodation"

It is not enough to show that the plaintiff could perform the essential functions of her job with or without accommodation or even that an accommodation is reasonable and exists, plaintiff also bears the burden of proving that the accommodation is needed or required for the plaintiff to otherwise perform her job.

Adapted from Borkowski, 63 F.3d at 139.

16. "Reasonable Accommodation" - Defined

The term "reasonable accommodation" as used in these instructions means making modifications to the work place which allow a person with a disability to perform the essential functions of the job, or allow a person with a disability to enjoy the same benefits and privileges as an employee without a disability. "Reasonable accommodation" may include, for example, modification of physical facilities, work schedules, or equipment, or some job restructuring.

The term "reasonable accommodation" does not include efforts that would cause an undue hardship on the employer, or that would eliminate any of the job's essential functions.

The term "reasonable accommodation" does not require an employer to accommodate a disabled individual in a manner that would violate the rights of other employees under a collective bargaining agreement.

Adapted from Devitt, Blackmar and Wolff, § 104A.09 (1997 Supp.); Gilbert v. Frank, 949 F.2d 637, 642 (2d Cir. 1991); Mason v. Frank, 32 F.3d 315, 319 (8th Cir. 1994); U.S. Airways v. Barnett, 122 S. Ct. 1516, 152 L. Ed 2d 589, 2000 U.S. LEXIS 3034 (2002); 29 C.F.R. §1614.204(g).

17. <u>"Essential Functions of an Employment Position" - Defined</u>

The term "essential functions of an employment position," as used in these instructions, means the fundamental job duties of the employment position in question. The term "essential functions" does not include the marginal functions of the position. The jury may, along with all the other evidence in the case, consider the following evidence in determining the essential functions of an employment position:

The employer's judgment as to which functions of the job are essential;

Written job descriptions prepared for advertising or used when interviewing applicants for the job;

The amount of time spent on the job performing the function in question;

The consequences of not requiring the person to perform the function;

The terms of a collective bargaining agreement if one exists;

The work experience of persons who have held the job; and/or

The current work experience of persons in similar jobs.

Adapted from Devitt, Blackmar and Wolff, § 104A.06 (1997 Supp.)

18. "Good Faith Efforts at Reasonable Accommodation" - Defense

The Postal Service asserts that it has made a good faith effort to reasonably accommodate the plaintiff's disability when it offered Plaintiff a position in April 1997. Your verdict should be for the Postal Service if it has proven to you, by a preponderance of the evidence, that it made a good faith effort, in consultation with the plaintiff, to identify and make a reasonable accommodation that would provide plaintiff with an equally effective opportunity at the workplace. The law does not require an employer to provide every accommodation a disabled employee may request, so long as the accommodation provided is reasonable.

Adapted from 42 U.S.C. § 1981a(a)(3) and Fink v. New York City Dept. of Personnel, 53 F.3d 565, 567 (2d Cir. 1995). See also, Devitt, Blackmar and Wolff, § 104A.08 (1997).

19. Business Judgment

You may not find for Mrs. Clarke to reward her for past services to the Defendant or because of some general feeling that she deserved better from her employer. The question for you is not whether the employee in your view was treated well or fairly. The question is whether intentional discrimination occurred.

In considering the Postal Service's reasons for its employment actions, bear in mind that the Postal Service is entitled to exercise its management discretion and make its own business judgments. Under the law that governs this case, the Postal Service had the right to make decisions concerning Mrs. Clarke for good reasons, bad reasons or even for no reason at all, so long as its decisions were not based on unlawful discrimination.

You may not find for Mrs. Clarke merely because you feel that the Postal Service made poor, or unwise, or unfair management decisions or that another supervisor may have made different decisions. The Postal Service does not have to show that it conducted its business in an optimum manner. In order to prevail, Mrs. Clarke must demonstrate that intentional discrimination was the real reason for any adverse employment actions taken against her.

In this case, if you find that the Postal Service exercised its business judgment, then you must find for the Postal Service.

Adapted from Thornley v. Penton Pub. Inc., 104 F.3d 26, 29 (2d Cir. 1997); Dister v. Continental Group, Inc., 859 F.2d 1108, 1116 (2d Cir. 1988).

20. Causation

It is not enough for the plaintiff to show that she is an individual with a disability, that she is an otherwise qualified individual and that there was an adverse work action taken against her, she must also show that there was a causal connection between the disability and the adverse employment decision, that is to say that the disability was the cause, and only cause, of the adverse employment decision against her. In this case, only if the sole cause of the adverse employment actions is discrimination based upon her disability can you find for the Plaintiff.

Adapted from Wilhemena v. Runyon.,928 F. Supp. 195, 204 (E.D.N.Y. 1996) *citing* Teahan v. Metro-North Commuter Co., 951 F. 2d 511, 515-517 (2d Cir. 1991), cert. denied 506 U.S. 815, 113 St. Ct. 54 (1992).

21. Consider Damages only if Necessary

If the plaintiff has proven her claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. I am instructing you on damages only so that you will have guidance in the event you decide the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

5th Cir. Pattern Jury Instr. 1999 (Civil Cases) No. 15.1.

22. Compensatory Damages

If you should find that the Postal Service discriminated against Mrs. Clarke based on her disability, then you must determine an amount that is fair compensation for her damages. You may award compensatory damages only for injuries that Mrs. Clarke proves were caused by the Postal Service's intentional discrimination. Also, if you find that defendant failed to accommodate the plaintiff, but did make good faith efforts in consultation with plaintiff to identify and make a reasonable accommodation, you may not award any compensatory damages.

You may award compensatory damages for emotional pain, suffering, inconvenience, and mental anguish if you find these were caused by defendant's allegedly illegal act. No evidence of monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. Damages are not allowed as punishment and cannot be imposed or increased to penalize the defendant. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that the plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

In calculating damages, you should not include any past or future wages or pay that the plaintiff lost. If you find defendant liable, the award of such damages would be calculated and determined by the Court. You are also not to consider attorney's fees in your consideration of damages. The matter of any allowable attorney's fees will be determined by the Court.

Adapted from 42 U.S.C. §1981 a(a)3; Devitt, Blackmar, and Wolff § 104.06 (1997 Supp.).

**NOTE**: The Civil Rights Act of 1991 excludes from compensatory damages "back pay, interest on back pay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964." 42 U.S.C. § 1981a(b)(2). 42 U.S.C. § 20003-5(g) authorizes the Court, *inter alia,* to enjoin the unlawful employment practice, and order reinstatement with or without back pay or any other appropriate equitable relief. The statute also limits compensatory damages to $300,000 in this case. 42 U.S.C. § 1981a(b)(3). The statute prohibits the court from informing the jury of the limitation on damages. 42 U.S.C. § 1981a(c)(2).

23. Duty to Deliberate

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges--judges of the facts. Your only interest is to seek the truth from the evidence in the case.

5th Cir. Pattern Jury Instr. 1999 (Civil Cases) No. 2.11.

24. Instructions on Deliberation

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Return this charge together with your written answers to the questions. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.

5th Cir. Pattern Jury Instr. 1999 (Civil Cases) No. 2.12.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

WILLIAM M. BROWN, JR.
ASSISTANT U.S. ATTORNEY
P.O. BOX 1824
NEW HAVEN, CT 06508
(203) 821-3700
FEDERAL BAR NO. ct20813

ANNA V. CRAWFORD
SPECIAL ASSISTANT U.S. ATTORNEY
FEDERAL BAR NO. ct01394