FILED

Jan 23 3 32 PM '04

U.S. DISTRICT COURT NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PATRICIA CLARKE,<br><br>Plaintiff,<br><br>V.<br><br>WILLIAM J. HENDERSON,<br>POSTMASTER GENERAL<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil No. 3: 00CV1622 (PCD)<br><br><br><br><br>January 23, 2004 |

**PLAINTIFF'S RESPONSE TO DEFENDANT□S COMPLIANCE WITH PART B OF THE TRIAL PREPARATION ORDER**

**I. CLAIMS OF FACT PROPOSED FOR STIPULATION AS UNDISPUTED**

1. Plaintiff is an adult citizen of the United States of America residing in Wallingford, Connecticut.

2. Plaintiff was born on December 10, 1953.

3. The Plaintiff became employed by the Postal Service as a distribution clerk in New Haven, Connecticut in 1984.

4. On or about April 8, 1993, Plaintiff filed a claim for benefits, No. A01-309861, with the Department of Labor, for workplace injuries alleged to have occurred on or about February 5, 1993. Department of Labor initially denied the claim on July 2, 1993, and again on May 12, 1994 after a hearing. On March 7, 1995, upon reconsideration, DOL accepted Plaintiff's claim for right shoulder and right trapezius strain. (Report of EEO Investigation, 1B-065-0040-97 hereinafter "'97 ROI", at 80.)

5. At various times from March 1995 on, Plaintiff was restricted by her doctor, Phillip Luchini, from reaching overhead, from repetitive use of her right arm, and from lifting over twenty pounds ('97 ROI at 82, 84, 87, 109). Thereafter, Plaintiff was assigned limited duty in a work area with specially designed manual cases.

6. Occasionally, Plaintiff performed office duties when mail volume permitted and when such work was available. She was also a member of a workplace beautification committee for which she performed tasks such as gardening and picture hanging.

7. On or about March 18, 1996, Plaintiff filed an administrative EEO complaint with the Postal Service, No. 1B-065-1010-96, alleging sex, age, retaliation and disability discrimination by her manager, Roy Rotnofsky, because he refused to release her to do office work when such work was available.

8. On May 20, 1996, Plaintiff was assigned temporarily to a Level 5 secretarial position. ('97 ROI at 104)

9. On September 12, 1996, Dr. Philip Luchini performed surgery on Plaintiff's right shoulder and Plaintiff remained out of work thereafter.

10. On December 30, 1996, Plaintiff filed a second workers compensation claim with the Department of Labor alleging bilateral carpal tunnel syndrome since June 27, 1994 as the result of her postal employment. The Department of Labor accepted this claim, number A1-343832, on May 7, 1997.

11. On or about February 5, 1997, Dr. Luchini released Plaintiff to work eight hours a day with restrictions prohibiting her from lifting over twenty pounds and from repetitive use of both hands. (Report of EEO Investigation No. 1B-065-0053-98 hereinafter "'98 ROI", exh.2, page 3) Thereafter, as of March 20, 1997, Dr. Luchini further restricted Plaintiff to no lifting over fifteen pounds, no repetitive use of either hand, limited use of a computer for one to two hours a day for five to ten minutes at a time, and no standing more than two intermittent hours per day. (Id.) Some of these restrictions were related to non-work conditions including Raynaud's disease and varicose veins.

12. As a result of Plaintiff's restrictions, on or about April 4, 1997, the Postal Service made a formal limited duty job offer ('97 ROI at 142) under Title 5 U.S.C. § 8106(2) which the Department of Labor approved as suitable. Dr. Luchini also determined that the job was suitable, but recommended that the hours be changed to a daytime shift ('97 ROI at 143), and that the sorting and updating of files and repetitive use of hands needed to pull reports be eliminated. ('97 ROI at 146)

**PLAINTIFF'S RESPONSE:**

**Dr. Luchini received a form Charles Kamilewicz, Sr. Injury Compensation Specialist, with a section entitled, "Physician's Concurrence"**

**1. The attached limited Duty job offer appears suitable.__(no signature)_______**

**(M. D. Signature)**

**2. The attached limited Duty job offer appears suitable with the following modifications" Dr. Luchini signed this section and specified that the modifications required were:**

> **-change the hours of work from 4 PM to 2:30 AM to a day shift.**
>
> **-eliminate sorting and updating files**
>
> **-eliminate repetitive use of hands need for "pulling report from the times system for accounting purposes". (Phillip Lucchini, (M. D. Signature)**
>
> **Exhibits 24, 25**

13. On April 17, 1997, Plaintiff rejected the job offer and provided medical reports from Dr. Luchini and Dr. Abeles opining that the evening hours of the job offer should be changed to day hours.

**PLAINTIFF'S RESPONSE:**

**Dr. Luchini's specified other modifications to the job description. See response above. Ex. 25**

14. On May 7, 1997, the Department of Labor advised Plaintiff of the suitability of the position offered on April 14, 1997 and allowed Plaintiff another fifteen days to accept the job. ('97 ROI at 161)

15. On or about June 21, 1997, Plaintiff filed another administrative EEO complaint,

number 1B-065-0040-97, alleging age discrimination, retaliation and disability discrimination concerning the limited duty position offered by the Postal Service on April 4, 1997. ('97 ROI at 228)

16. On February 2, 1998, the Department of Labor terminated Plaintiff's entitlement to workers compensation as of December 6, 1997 due to her refusal to accept a suitable job offer from the Postal Service. ('97 ROI at 185-9)

17. On August 7, 1998, the Postal Service notified Plaintiff that she would be separated from her postal employment effective September 11, 1998 because she had not returned to work or accepted a position deemed suitable by the Department of Labor (Report of EEO Investigation No. 1B-065-0053-98, hereinafter "'98 ROI", exh. 3).

18. On December 9, 1998, Plaintiff filed a third formal EEO complaint, No. 1B-065-0053-98, alleging retaliation for prior EEO activity and disability discrimination as the result of her separation from her postal employment. ('98 ROI)

19. Plaintiff's EEO complaints numbered 1B-065-1010-96, 1B-065-0040-97 and 1B-065-0053-98 were consolidated for hearing and ultimately dismissed by the Postal Service on September 27, 2000 as the result of the filing of this civil action by the Plaintiff.

20. Plaintiff requested a hearing on the denial of her workers compensation benefits on February 2, 1998, and a hearing was held on November 19, 1998. By decision dated February 11, 1999, the Department of Labor determined that Plaintiff's compensation

**above her shoulders. She cannot perform repetitive work which requires use of her wrists. (carpal tunnel syndrome). (Patricia Bea, R. N., Dr. Luchini, plaintiff, Ex. 27, Ex. 36, Award of Disability Retirement)**

2. Plaintiff was not denied any reasonable workplace accommodation that she or her doctors requested in 1996. (Witnesses: Roy Rotnofsky; Richard Uluski; Richard Chandler; Carmen Strickland, Gerald Ahern) (Exhibits: EEO ROIs: 1996, 1997, 1998).

**PLAINTIFF'S RESPONSE:**

**The position which the defendant offered the plaintiff in April, 1997, involved work duties which violated the work restrictions specified by plaintiff's physician in his response to defendant's query at the time. (Ex. 23, Ex. 25, Plaintiff, Dr. Luchini, Patricia Bea)**

3. Plaintiff suffered no adverse action on account of her age. (Witnesses: Plaintiff; Roy Rotnofsky; Richard Uluski; Richard Chandler; Carmen Strickland) (Exhibits: EEO ROIs: 1996, 1997, 1998).

**PLAINTIFF'S RESPONSE: After April, 1997, as secretarial positions became available in the Wallingford facility, they were offered to younger women, although the plaintiff should have been notified of the openings and offered the opportunity to return to work. (Plaintiff, David Peterson, Elizabeth Baumgartner, Richard Chandler, Salvatore Friello)**

4. Plaintiff suffered no adverse action on account of her EEO activity. (Witnesses: Plaintiff; Roy Rotnofsky; Richard Uluski; Richard Chandler; Carmen Strickland) (Exhibits: EEO ROIs: 1996, 1997, 1998).

5. Plaintiff was assigned secretarial work within her medical restrictions when available. (Witnesses: Plaintiff; James Clarke; Roy Rotnofsky; Richard Uluski) (Exhibits: '97 ROI)

**PLAINTIFF'S RESPONSE:**

**The plaintiff was assigned secretarial work during the summer of 1996, but she was not offered similar work after April, 1997. (Plaintiff, Elizabeth Baumgartner, Carmen Strickland)**

6. With the approval of the Department of Labor, the Defendant offered Plaintiff a suitable secretarial position on April 4, 1997. Plaintiff rejected the offer on April 17, 1997. (Witnesses: Carmen Strickland; Plaintiff) (Exhibits: ROI '97, '98)

**PLAINTIFF'S RESPONSE:**

**The light duty position was a "craft employee" position which entailed "verifying every tray of RTS Mail processed through the 213 operation", including "verifying that the mail is faced and marked correctly". This was not a secretarial position and required the employee to work with large trays of mail, outdoors at night on the loading dock. Ex. 23**

7. As a result of Plaintiff's refusal to accept the position offered, the Department of Labor ceased payment of workers compensation benefits in February of 1998. (Witnesses: Carmen Strickland; Plaintiff) (Exhibits: ROI '97, '98)

8. Plaintiff did not return to work at the Postal Service after September 11, 1996, and was separated from her employment effective September 11, 1998. (Witnesses: Plaintiff; Carmen Strickland; Richard Uluski; Gerry Ahern) (Exhibits: ROI '98)

9. Plaintiff has not sought any employment since her separation from the Postal Service. (Witness: Plaintiff).

**PLAINTIFF'S RESPONSE:**

**The plaintiff has repeatedly written to her supervisors at the Wallingford facility requesting the opportunity to return to work. (Plaintiff, 1998 ROI, Defendant's Ex. 3 [EEO Complaints filed after April, 1997])**

**III. CLAIMS OF LAW**

1. Plaintiff is not a qualified disabled individual within the meaning of The Rehabilitation Act. 29 U.S.C. sec. 791, et seq. (see also Americans with Disabilities Act (ADA), 42 U.S.C. sec. 12101, et seq.); 29 C.F.R. sec. 1614.203, et seq. (see ADA regs at 29 C.F.R. Part 1630, et seq., and EEOC Guidance, Part 1630, Appendix); see, e.g., Toyota v. Williams, 122 S. Ct. 681 (2002).

**PLAINTIFF:**

**Plaintiff is a qualified disabled individual. Heilweil v. Mount Sinai Hospital, 32 F. 3d 718, 721 (2d Cir. 1994, cert. den., 513 U. S. 1147 (1995).**

2. The Postal Service was not obligated to provide a reasonable accommodation to Plaintiff because she was not disabled within the meaning of The Rehabilitation Act. Id.

**PLAINTIFF: The defendant had an obligation to provide reasonable accommodations to the plaintiff so that she could return to work after her physician cleared her for light duty employment in March, 1996. [Heilweil v. Mount Sinai Hospital, 32 F. 3d 718, 721 (2d Cir. 1994, cert. den., 513 U. S. 1147 (1995)]**

3. Plaintiff fails to state a claim upon which relief may be granted for retaliation as the result of her treatment by her postal managers in 1996 and 1997. 42 U.S.C. sec. 2000e-16; see, e.g., Brown v. GSA, 425 U.S. 820 (1976), McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), Fed.R.Civ.P. 12(b)(6).

**PLAINTIFF:**

**The defendant failed to offer plaintiff a light duty position after her physician rejected the April, 1997 offer because it intended to use plaintiff's failure to return to work as a pretext to terminate her. Cifra v. General Electric Co., 252 F.3d 205, 216 (2d Cir. 2001). See Quinn v. Green Tree Credit Corp., 159 F.3d 759, 769 (2d Cir. 1998); Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263 F.3d 208, 224**

**(2d Cir. 2001)**

4. Plaintiff fails to state a claim upon which relief may be granted for age discrimination. Age Discrimination in Employment Act (ADEA), 29 U.S.C. sec. 633a, et seq.

**PLAINTIFF: The plaintiff has made a claim for age discrimination. Jungels v. State University of New York, 922 F. Supp. 779 (1996)**

5. As to her ADEA claim, plaintiff is not entitled to compensatory damages or a jury trial. Lehman v. Nakshian, 453 U.S. 156, 101 S. Ct. 2698 (1981)(no jury trials); Arnett v. Aspin, 846 F. Supp. 1234 (E.D.P.A. 1994)(no compensatory damages or jury trials).

6. Plaintiff fails to state a claim upon which relief may be granted for disability discrimination. (See paragraph 1 above).

**PLAINTIFF: Plaintiff has stated a claim for disability discrimination. Colwell v. Suffolk County Police Dept., 158 F.3d 635, 636, 646 (2nd Cir. 1998), *cert. denied*, 526 U.S. 1018 (1999). There are two ways in which an employee can be unlawfully "regarded as" disabled: "(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, non-limiting impairment substantially limits one or more major life activities." Sutton v. United**

**Air Lines, Inc., 527 U.S. 471, 119 S. CT. 2139, 2149-50 (1999).**

7. Plaintiff failed to mitigate her damages. 42 U.S.C. sec. 2000e-16(d)

**PLAINTIFF: This is not a claim of law.**

8. Punitive damages are not available against the federal government. 42 U.S.C. sec. 1981a(b)(1).

9. Payments plaintiff has received from federal sources, including but not limited to FECA payments, federal disability retirement, federal retirement, social security disability or retirement payments, and workers' compensation payments, are offsets against potential damages awarded to plaintiff as a result of this lawsuit.

## IV. PROPOSED EXHIBITS

A. EEOC Case File No. 1B-065-1010-96

B. EEOC Case File No. 1B-065-0040-97

C. EEOC Case File No. 1B-065-0053-98

D. Settlement of EEO Complaint 1-J-0015-89, dated February 6, 1991

E. Injury Compensation File No. 010309861

F. Injury Compensation File No. 010349545

G. Injury Compensation File No. 010322008

H. SSA Application Record

I. Official Personnel Folder

J. Medical Records from Dr. Philip Luchini

K. Postal Service Medical Records

L. Medical Records from Dr. Marc Hillbrand

M. Medical Records from Dr. Robert Schoen

N. Medical Records of Dr. Brian Rigney

O. Medical Records of Dr. Robert Dudek

P. Deposition testimony of Plaintiff, April 24, 2001

Q. Deposition testimony of Plaintiff, May 4, 2001

R. Deposition testimony of James Clarke, May 4, 2001

S. Deposition of Dr. Marc Hillbrand, July 20, 2001

T. Videotape of Plaintiff during the period August 4, 2000 to February, 2001.

U. Documents produced by Plaintiff on April 2, 2001

## V. DEFENDANT'S LIST OF WITNESSES

1. Gerald Ahern, former Plant Manager of the Southern Connecticut Postal Service Facility in Wallingford, will testify about looking into job opportunities for Plaintiff, that due to Plaintiff's restrictions it was hard to place Plaintiff in a position to accommodate her needs and that the only duties available consistent with her restrictions were on Tour 3.

2. Richard Uluski, former Postal Service Manager In-Plant Support, will testify that Plaintiff was provided duties within her medical restrictions while her workers compensation claim was pending, that Plaintiff was provided with "make work" duties but was advised that these were not permanent, and that his office located the position that Plaintiff could perform within her restrictions.

3. Roy Rotnofsky, former Postal Service Tour 2 Manager of Distribution Operations, will testify concerning Plaintiff's allegations about her work assignments, that he was unable to find Plaintiff a Tour 2 job within her work restrictions, that he was able to find Plaintiff a job on Tour 3 shift that was within her medical restrictions, and that he spoke with James Suprenant and Carmen Strickland about the position and asked Carmen Strickland to write the position up for Plaintiff.

4. Carmen Strickland, Postal Service Human Resources Specialist, will testify concerning processing Plaintiff's workers compensation claims, the benefits received by Plaintiff from the Department of Labor, the termination of Plaintiff's Department of Labor benefits, consulting with postal managers about a job for Plaintiff and that the job restrictions were received from Plaintiff's doctor before any offer was made.

5. Charles Kamilewicz, former Postal Service Senior Injury Compensation Specialist, will testify concerning the process used to develop a new job for Plaintiff to accommodate her restrictions and the Postal Service's operational needs.

6. Paula Berg, OWCP Supervising Claims Examiner, will testify concerning communications with Charles Kamilewicz regarding the Tour 3 positions offered to Plaintiff.

7. Donald D'Andrea, former plant manager, will testify concerning his knowledge of workplace accommodations requested and made for Plaintiff.

8. Richard Chandler, former supervisor, will testify concerning his knowledge of workplace accommodations provided at the request of Plaintiff or her doctor.

9. Doug Millett, U.S. Postal Inspector, will testify concerning Plaintiff's claim of being disabled.

10. Shawn O'Connell, U.S. Postal Inspection Service Contract Fraud Analyst, will testify concerning Plaintiff's claim of being disabled.

11. A Social Security Administration records custodian will testify concerning benefits received by Plaintiff to date.

12. Anthony Lombardozzi, former manager of Tour 2, will testify concerning the lack of positions available within Plaintiff's restrictions in 1996 & 1997.

13. Dr. Philip Luchini will testify concerning Plaintiff's treatment and condition.

14. Dr. James McVeety will testify concerning Plaintiff's treatment and condition.

15. Dr. Marc Hillbrand will testify concerning Plaintiff's treatment and condition.

16. Dr. Robert Schoen will testify concerning Plaintiff's treatment and condition.

17. Dr. Micha Abeles will testify concerning Plaintiff's treatment and condition.

18. Plaintiff Patricia Clarke

19. Plaintiff's husband, James Clarke, will testify concerning his knowledge of Plaintiff's condition and facts complained about by Plaintiff.

20. Ada Rodriguez, Network Specialist, will testify concerning Plaintiff's being released to assist in performing administrative duties in the transportation department.

21. Lawrence Teague, former Acting Manager of Distribution Operations, will testify concerning Plaintiff's being separated from employment because she refused a job offer approved by the Department of Labor and failed to return to work.

## VI. EVIDENCE LIKELY TO BE DISPUTED

None at this time, however, Defendant reserves its right to object at a later date after further analysis.

THE PLAINTIFF

Katrena Engstrom, Esq.
Fed. Bar. No. ct09444
Williams and Pattis, LLC
51 Elm St.
New Haven, CT 06510
(203) 562-9931
Fax: 776-9494

**CERTIFICATION**

A copy of the foregoing was mailed, first class, on the date set forth above to:

William Brown, Esq.
Assistant U. S. Attorney
157 Church St.
New Haven, CT

Attorney Anna V. Crawford
Windsor Law Office
U.S. Postal Service
8 Griffin Road North
Windsor, CT 06006-0170

KATRENA ENGSTROM