FILED

Jan 23 3 32 PM '04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PATRICIA CLARKE, Plaintiff,

V.

WILLIAM J. HENDERSON, POSTMASTER GENERAL Defendant.

Civil No. 3: 00CV1622 (PCD)

January 23, 2004

**PLAINTIFF'S REQUESTS TO CHARGE**

The plaintiff respectfully requests the court to charge the jury as follows:

1. To prevail on a claim of intentional discrimination, the plaintiff must prove by a preponderance of the evidence, either directly or indirectly, that there is evidence of intentional discrimination. Direct evidence would include oral or written statements showing a discriminatory motivation for the defendant's treatment of her. Indirect or circumstantial evidence would include proof of a set of circumstances that would allow one reasonably to believe that gender or age was a motivating factor in the defendants' treatment of the plaintiff. [McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981); Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions § 104.03.]

2. The plaintiff is entitled to prevail in this case if she shows that

manner, or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." Goldring v. Sillery Mayer & Partners, 119 F. Supp.2d 55, 59 (D. Conn. 1999), citing 29 C.F.R. § 1630.2(j)(1)(1998). This determination is fact-specific and is to be made on a case-by-case basis.. A plaintiff may establish a case of age discrimination without direct evidence of discrimination by means of indirect evidence if that evidence is sufficient to prove by a preponderance of the evidence that the plaintiff's age was a motivating factor in the defendant's decision or decisions. The first step in such a case is for you to determine whether the plaintiff has established each element of her prima facia cas. More specifically, she must prove each of the following elements by a preponderance of the evidence: (1) that she was within the protected age category, that is, that she was over forty years of age; (2) that her performance met the expectations of the employer at the time of the adverse employment decision; (3) that she suffered from an adverse employment decision, for example, demotion, failure to hire, failure to promote, imposition of unfavorable working conditions, etc.; and (4) that the defendant sought someone else with similar or lesser qualifications to perform the work. [McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Devitt, etc., supra, § 106.03.; Ennis v. National Ass'n of Business and

Educational Radio, Inc., 53 F.3d 55, 59 (4th Cir. 1995).]

6. "[T]o be substantially limited in performing manual tasks, an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives. The impairment's impact must also be permanent or long-term." [Toyota Motor Mfg., Ky. Inc. v. Williams, 122 S. CT. 681, 691 (2002). ]

7. "'[S]ubstantially' in the phrase 'substantially limits' suggests 'considerable' or 'to a large degree.'...The word 'substantial' thus clearly precludes impairments that interfere in only a minor way with the performance of manual tasks from qualifying as disabilities." Toyota Motor Mfg., Ky., Inc. v. Williams, 122 S. Ct. 681, 691 (2002). The phrase "substantially limits" is concerned with substantial *limitations* and not with *utter inabilities*. Bragdon, *supra*, 524 U.S. at 641; Lawson v. CSX Transportation, Inc., 245 F.3d 916, 924 (7th Cir. 2001). "To be substantially limited, a person must be unable to perform a major life activity that the average person in the general population can perform, or be significantly limited in the condition, manner, or duration under which the individual can perform that activity as compared to an average person in the general population." Webner v. Titan Distribution, Inc., 267 F.3d 828, 834 (8th Cir. 2001).

8. A "reasonable accommodation" includes, but is not limited to, "job

restructuring, part-time or modified work schedules, [and] reassignment to a vacant position." 42 U.S.C. § 12111(9)(B). An employer must make "[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(1)(ii).

9. To establish discrimination in failing to retain the plaintiff in a position for which she was qualified by using indirect evidence, the plaintiff must prove what is called a prima facie case discrimination. To establish a prima facie case, the plaintiff must prove each of the following elements by a preponderance of the evidence: (1) that she was a member of a protected group; (2) that she sought and was qualified for the position in question; (3) that in fact the position in question was open; (4) that despite her qualifications she was rejected; (5) that subsequently either the position remained open or the employer awarded it to a person who was not a member of the protected class. [McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Legrand v. Trustees of University of Arkansas, 821 F.2d 478 (8th Cir. 1987), cert. denied, 485 U.S. 1034 (1988); Blackwell v. Sun Electric Corp., 696 F.2d 1176 (6th Cir. 1983); Cockrham v. South Central Bell Telephone Co., 695 F.2d 143 (5th Cir. 1983); Meiri v. Dacon, 759 F.2d 989 (2d Cir.), cert. denied, 474 U.S. 829 (1985); Geisler v. Folsom, 735

F.2d 991 (6th Cir. 1984); Robinson v. Arkansas State Highway & Transportation Commission, 698 F.2d 957 (8th Cir. 1983); Lerma v. Bolger, 689 F.2d 589 (5th Cir. 1982).]

10. To establish retaliation against the plaintiff for having filed a complaint of unlawful employment discrimination, the plaintiff must prove: (1) that she filed such a complaint; (2) that she thereafter suffered some form or forms of adverse treatment from one or more of the defendants; (3) that the filing of her complaint was a motivating factor in bringing about that adverse treatment. If the plaintiff has proven these three things, you must return a verdict in favor of the plaintiff on her retaliation claim. [Levin v. Analysis & Technology, Inc., 960 F.2d 314 (2d Cir. 1992); Medina-Munoz v. R. J. Reynolds Co., 896 F.2d 5 (1st Cir. 1990);Rizzo-Puccio v. College Auxiliary Services, Inc., 216 F.3d 1073 (2d Cir. 2000).]

11. As to all of her employment discrimination claims, it is necessary only that the plaintiff prove that the defendant in fact took some adverse employment action against her and that her protected status (age or gender) was a factor which played a part in the defendant's decision; in other words, that the defendant had a discriminatory purpose or motive. [Estes v. Dick Smith Ford, Inc., 856 F.2d 1097, 1101 (8th Cir. 1988).]

12. If you determine that the defendant discriminated against the plaintiff, then you must determine the amount of damages that she has suffered as a result. You may award as actual damages an amount that reasonably compensates the plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that she would have received had she not been discriminated against. Basically, you have the ability to make the plaintiff whole for any wages or other benefits that she has lost as a result of the discrimination against her. [Lorillard v. Pons, 434 U.S. 575 (1978); Faris v. Lynchburg Foundry, 769 F.2d 958 (4th Cir. 1985); Blum v. Western Electric Co., 731 F.2d 1473 (10th Cir. 1984); Devitt, etc., supra, §§ 104.06, 104A.11.]

13. You shall also calculate separately, as future damages, a monetary amount equal to the present value of the wages and benefits that the plaintiff would have earned had she not been discriminated against the last day that she received wages from her employer to the date of your verdict. [Maxfield v. Sinclair International, 766 F.2d 788 (3d Cir. 1985); Blum v. Witco Chemical Corp., 829 F.2d 367 (3d Cir. 1987); Devitt, etc., supra, §§ 104.05, 104.06, 104A.11.]

14. The plaintiff has alleged that, as a result of the defendants' intentional discrimination, she has suffered mental anguish, inconvenience and

humiliation. The plaintiff has the burden of proving any compensatory damages by a preponderance of the evidence. If you determine that the plaintiff has proven by a preponderance of the evidence that she has experienced mental anguish, inconvenience or humiliation, you may award her damages for those injuries. No evidence of the monetary value of such intangible things as pain and suffering has been, or needs to be, introduced into evidence. No exact standard exists for fixing the compensation to be awarded for these elements of damages. The damages that you award must be fair compensation -- no more and no less. When considering the amount of monetary damages to which the plaintiff may be entitled, you should consider the nature, character, and seriousness of any mental anguish, inconvenience or humiliation she felt. You must also consider its extent or duration, as any award you make must cover the damages endured by the plaintiff since the wrongdoing, to the present time, and even into the future if you find as fact that the proofs presented justify the conclusion that Ms. Eisele's emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future. [Devitt, etc., supra, §§ 104.05, 104.06, 104A.11; Adams v. Doehler-Harvis, 144 Mich. App. 764 (1985); Freeman v. Kelvinator, Inc., 569 F. Supp. 999 (E.D. Mich. 1979); Slayton v. Michigan Host, Inc., 122 Mich. App. 411, 332 N.W.2d 498 (1983); Riethmiller v. Blue Cross, 151 Mich. App. 188, 390 N.W.2d

227 (1986).]

15. One of the plaintiff's claims in this case is that she has been the victim of age discrimination. Under the Age Discrimination in Employment Act, an employer may not discriminate against an employee who is over the age of forty because of that employee's age. That means that, in most circumstances, an employer may not treat an employee over the age of forty differently because of the employee's age with respect to the terms and conditions of employment, such as hiring, transfer, promotion, reassignment, or discharge. The Age Discrimination in Employment Act does not require an employer to give special treatment to employees who are over the age of forty. Rather, the age of an employee is accorded neutral status under the law. [Parcinski v. Outlet Co., 673 F.2d 34, 37 (2d Cir. 1982), cert. denied, 450 U.S. 1103 (1983); Williams v. General Motors Corp., 656 F.2d 120, 129 (5th Cir. 1981), cert. denied, 455 U.S. 943 (1982).]

16. If the defendant satisfies its burden of proving the existence of a nondiscriminatory reason for the challenged action, the plaintiff still is entitled to prevail in this action if she persuades you, by a preponderance of the evidence, that the reason or reasons offered by the defendant for the challenged action are (1) only a pretext or cover-up for what, in truth, was a discriminatory purpose; **or** (2) that the discriminatory reason more likely than not motivated the defendant.

If the plaintiff has persuaded you of this, then you must decide in her favor.

[Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097 (2000); Levin v. Analysis & Technology, Inc., 960 F.2d 314 (2d Cir. 1992); Medina-Munoz v. R. J. Reynolds Co., 896 F.2d 5 (1st Cir. 1990).]

THE PLAINTIFF

Katrena Engstrom, Esq.
Fed. Bar. No. ct09444
Williams and Pattis, LLC
51 Elm St.
New Haven, CT 06510
(203) 562-9931
Fax: 776-9494

**CERTIFICATION**

A copy of the foregoing was mailed, first class, on the date set forth above to:

William Brown, Esq.
Assistant U. S. Attorney
157 Church St.
New Haven, CT

Attorney Anna V. Crawford
Windsor Law Office
U.S. Postal Service
8 Griffin Road North
Windsor, CT 06006-0170

KATRENA ENGSTROM